# INMATE GRIEVANCE COMPLAINT

Great Meadow Corr. Fac.

Grievance NO.

ALI CISSE # 14.A.2736    BH-B-5

Grievant's issue: Constitutional tort; Retaliation; Negligence; Discrimination; Deliberately indifference; And Failure to follow departmental procedure.

Description of Incident: As a result of an incident that took place at Clinton Corr. Fac. on 4-12-21, (Where i was accused of assaulting a staff member) the Joint venture of DOCCS and OMH known as JCNC or JMCC at Great Meadow Corr. Fac. retaliated against me by having me in the SHU for 87 days. This committee had full knowledge of my mental health status of 1s and my diagnosis but discriminated against me by not moving me to a unit which was OMH accommodating within the time frame required by the provisions in the Mental hygiene law and SHU exclusion law. Prior to or within this time span, every incarcerated individual that were diagnosed as a 1s or were eventually diagnosed as a 1s that were admitted to the SHU were immediately moved to an OMH accommodating setting for pre-hearing confinement but not in my case i was left to rot in the SHU.

   This Joint venture of DOCCS and OMH consistantly displayed their opposition. They falsified documents and fabricated orders such as cell shield order, full restraint order and modified feed-up (phase one) for nearly a month and a half. Early on they demonstrated they were out to make my stay miserable. My incoming and outgoing mail were tampered with, my visitor was harassed and forced to throw away her watch in order to see me and $5 was stolen out of the $50 cash she left upfront for me (9 July 21), i was not afforded a commissary buy, i was deprive of the opportunity to contact my family abroad, and misbehavior reports were fabricated against me during my time in the SHU.

Signature (Grievant): A.C _____    Date: 10 July 21.

Grievance Clerk:                              Date:

Actions Requested: I request the full procession of this Grievance.
And the reinbursement of the stolen funds. Opportunity
to make my international phone calls.

Marcy Corr. Fac.
Law Library FORM 52.
ALI CISSÉ # 14:A:2736.
Marcy Corr. fac.
Box 3600.
Marcy, N.Y. 13403-3600.

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 17 2022
AT_____ O'CLOCK_____
John M. Domurad, Clerk - Albany

Date: 2/1st/22.

Clerk
_____
_____
_____

RE: ALI CISSÉ V. Annucci      Besaw
                    King        Collins
                    Snow        Dill-lewis
                    Patterson   Williams
                    Mason       Henley
                    Bishop      Murphy
                    John Doe#1  Velie
                    Santo       Villano
                    Moore       Mead
                    Lagree      John Doe#2
                    Frazer      Barboca
                    Caringi     Staddard
                    Miller      Tripodi
                    Lovett      Kubaryk
                    Bryan       Deans
                    Fredricks   Gross
                    Rizzo       Bien-Aime
                    Mesunas     Corey
                    O'Gorman    Joo.
                    District Doc. No. _____

Dear Sir/Madam:

Enclosed please find a copy of the following papers relevant to the filing of A §§ 1983 Civil Rights Complaint.

①

A. Civil rights complaint.

Respectfully,

A.C

Petitioner, Pro Se.

# UNITED STATES DISTRICT COURT
## for the
Northern    District of New York
_____ Division.

## 1. CAPTION OF ACTION.

A.                              ALI CISSÉ
                              Plaintiff
                              -VS-

B. 1. Anthony J. Annuci.      16. Joseph Corey.        31. John Doe #2.
   2. Gregory King.           17. Jamie Lovett.        32. R. Barbosa.
   3. Martin Snow.            18. Randy Gross.         33. Terilee Stoddard.
   4. Aron J. Patterson.      19. Robert Besan         34. Nicholas Tripodi.
   5. Erik C. Mesunas.        20. Bryan (don't have full name). 35. Anthony Kulanyk.
   6. Bryan Maeson.           21. Keegan Fredricks.    36. Philippe Bien-Aime.
   7. Reginald Bishop.        22. Erica Rizzo.         37. Vivian Joo.
   8. Hilary Deans.           23. Melissa Collins.     38. James O'Gorman.
   9. John Doe #1.            24. Danielle Dill-Lewis.
   10. Kevin Banto.           25. Jamie L. Williams.
   11. Darnell Moore.         26. K. Henley.
   12. Christopher Lagree.    27. George Murphy.
   13. Colin Frazer.          28. Eric Velie.
   14. Armand Caringi.        29. Anthony Villano.
   15. Christopher Miller.    30. A. Mead.

②

# 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the constitution of the united states. This action is brought pursuant to 42 U.S.C. § 1983. The court has Jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

# 3. PARTIES TO THIS ACTION.

## i. PLAINTIFF'S INFORMATION:

ALI CISSÉ # 14.A.2736.

Marcy Corr. Fac.

Box 3600.

Marcy, N.Y. 13403-3600.

## 2. DEFENDANT(S) INFORMATION:

Name of Defendant: Anthony J. Annucci.

Official Position:  A/Commissioner.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: DOCCS, State Office Bldg #2, state office Campus, Albany, N.Y. 12226.

Name of Defendant:  Gregory King.

Official Position:   Sergeant.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Clinton C.F., 1156 Route 374, Dannemora, N.Y. 12929.

Name of Defendant:  Martin Snow.

Official Position:    Lieutenant.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Clinton C.F., 1156 Route 374, Dannemora, N.Y. 12929.

Name of Defendant:   Aron J. Patterson.

Official Position:   Correction Officer.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Clinton C.F., 1156 Route 374, Dannemora, N.Y. 12929.

③

Name of Defendant: Erik C. Mesunas.
Official Position:    Correction Officer.
Defendant is sued in Individual & Official capacity.
Address of Defendant: 851 Plank Road, Ellenburg Depot, N.Y. 12935.

Name of Defendant: Bryan Mason.
Official Position:    Sergeant.
Defendant is sued in Individual & Official Capacity.
Address of Defendant: Clinton C.F., 1156 Route 374, Dannemora, N.Y. 12929.

Name of Defendant:  Reginald Bishop.
Official Position:   Deputy superintendent for security.
Defendant is sued in Individual & Official Capacity.
Address of Defendant: Clinton C.F., 1156 Route 374, Dannemora, N.Y. 12929.

Name of Defendant: Robert Besaw.
Official Position:    Investigator.
Defendant is sued in Individual & Official capacity.
Address of Defendant: Division of the N Y S P (unknown).

Name of Defendant: Hilary Deans.
Official Position:  Inmate Records Coordinator 1.
Defendant is sued in Individual & Official Capacity.
Address of Defendant: Clinton C.F., 1156 Route 374, Dannemora, N.Y. 12929.

Name of Defendant: John Doe #1.
Official Position:   Sergeant.
Defendant is sued in Individual & Official Capacity.
Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Kevin Banto.
Official Position:  Sergeant.
Defendant is sued in Individual & Official Capacity.
Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Darnell Moore.

Official Position: Sergeant.

Defendant is sued in Individual & Official capacity.

Address of Defendant: Unknown.

Name of Defendant: Christopher Lagree.

Official Position:    Sergeant.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Colin Frazer.

Official Position:    Captain/Acting DES.

Defendant is sued in Individual & Official capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Armand Caringi.

Official Position:    D. S. S.

Defendant is sued in Individual & Official capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Christopher Miller.

Official Position:    Retired.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Unknown.

Name of Defendant: Joseph Corey.

Official Position: Acting Superintendent.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Jamie Lovett.

Official Position: Acting Deputy Supt For Program.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Randy Gross.

Official Position: Deputy Superintendent For Administration.

Defendant is sued in Individual & Official capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Bryan (Full name unknown).

Official Position:      ORC.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Keegan Fredicks.

Official Position:    Correction Officer.

Defendant is sued in Individual & Official capacity.

Address of Defendant: Marcy C.F., 9000 old river Road, Marcy, N.Y. 13403.

Name of Defendant: Erica Rizzo.

Official Position: Correction officer.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Melissa Collins.

Official Position: Deputy Superintendent For Mental Health.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Danielle Dill-Lewis.

Official Position: OMH unit Chief.

Defendant is sued in Individual & Official capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Name of Defendant: Jamie L. Williams.

Official Position: Notary Public.

Defendant is sued in Individual & Official Capacity.

Address of Defendant: Great Meadow C.F., 11739 State Route 22, Comstock, N.Y. 12821.

Ⓒ

ame of Defendant: K. Henley.

fficial Position: Commissioner Hearing officer.

efendant is sued in Individual & Official Capacity.

ddress of Defendant: Great Meadow C.F., 11739 state Route 22, Comstock, N.Y. 12821.

---

ame of Defendant: George Murphy.

fficial Position: Lieutenant.

efendant is sued in Individual & Official Capacity.

ddress of Defendant: Great Meadow C.F., 11739 state Route 22, Comstock, N.Y. 12821.

ame of Defendant: Eric Velie.

fficial Position: Sergeant.

efendant is sued in Individual & Official Capacity.

ddress of Defendant: Great Meadow C.F., 11739 state Route 22, Comstock, N.Y. 12821.

ame of Defendant: Anthony Villano.

fficial Position: Correction officer.

efendant is sued in Individual & Official Capacity.

ddress of Defendant: Great Meadow C.F., 11739 state Route 22, Comstock, N.Y. 12821.

ame of Defendant: James O'Gorman.

fficial Position: Deputy Commissioner, Correctional Facilities.

efendant is sued in Individual & Official Capacity.

ddress of Defendant: 1220 Washington Ave., Bldg. 9, Albany, N.Y. 12226.

ame of Defendant: A. Mead.

fficial Position: IGRC Supervisor.

efendant is sued in Individual & Official Capacity.

ddress of Defendant: Great Meadow C.F., 11739 state Route 22, Comstock, N.Y. 12821.

ame of Defendant: John Doe # 2.

fficial Position: IGRC Sergeant.

efendant is sued in Individual & Official Capacity.

ddress of Defendant: Great Meadow C.F., 11739 state Route 22, Comstock, N.Y. 12821.

⑦

Name of Defendant: B. Barbosa.

Official Position: Commissioner Hearing officer.

Defendant is sued in individual & official capacity.

Address of Defendant: Marcy C.F, 9000 old river Road, Marcy, NY 13405.

Name of Defendant: Teri lee Stoddard.

Official Position: O.R.C.

Defendant is sued in individual & official capacity.

Address of Defendant: Great Meadow C.F, 11739 state Route 22, Comstock, NY 12821.

Name of Defendant: Nicholas Tripodi.

Official Position: O.R.C.

Defendant is sued in individual & official capacity.

Address of Defendant: Great Meadow C.F, 11739 state Route 22, Comstock, NY 12821.

Name of Defendant: Anthony Kubaryk.

Official Position: Correction officer.

Defendant is sued in individual & official capacity.

Address of Defendant: Great Meadow C.F, 11739 state Route 22, Comstock, NY 12821.

Name of Defendant: Philippe Bien-Aime.

Official Position: Correction officer.

Defendant is sued in individual & official capacity.

Address of Defendant: Great Meadow C.F, 11739 state Route 22, Comstock, NY 12821.

Name of Defendant: Vivian Joo.

Official Position: Assistant District Attorney.

Defendant is sued in individual & official capacity.

Address of Defendant: County Government Center, 137 Margaret st, Plattsburgh, NY 12901.

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT.

1. I have not begun any other lawsuits in state or Federal Court dealing with the same facts involved in this action.

## 5. STATEMENT OF CLAIM.

* Religion.        * Search & Seizure.        * Delibrately Indifference.
* Free Speech.    * Equal Protection.       * Access to the Courts.
* Due Process.    * Malicious Prosecution.  * Cruel & unusual Punishment
1st, 8th, & 14th Amendments of the US & NY Constitution.

5. On Mon, April 12th 2021, while in the north yard during 6-9 recreation
period at Clinton Corr. Fac. shortly after 8pm, i was amongst a group of
incarcerated individuals by the phone bank waiting to get on the phone
when i heard commotions than everybody in the area begin to dispersed so
i hollowed suit to get away from whatever had happened when i observed
correctional officers running towards us ordering us to get on the ground.
While on the ground correction officer Aron Patterson begin picking individuals
out and i was one of the individuals he picked out as an alleged perpetrator.
After he had gave a description to the area supervisor of who he thought was
the perpetrator. A description i did not match his description of the prepetrator
had long dreadlock while i had an Afro but officer patterson still painted
me out. Then i heard an officer questioned 'that's what we doing now we
hitting officers now?' While he looked around for an answer.
   A sgt. begin ordering corr. officers to escort us inside there were
about 11 officers. When we arrived to the blacktop at the entrance of the
north yard there were a female officer at the door taken down names and
intos i was between the middle and the end of the group. When i was
brought to the door i gave my name, din#, and cell location than i was
escorted in where i found an officer waiting. He ordered when i take
the cuffs off put your hand high and flat on the wall than he begin
it-frisking me. After the search, i was escorted to my cell by the same
two officers who had brought me in from the yard. My I.D and the items
such as address book, chapstick, and pen) were returned to me by the
officers before they left.
   Shortly after a lt. and about 3 officers walked past my cell (VH-9-34)
ing towards the back. When they walked back past my cell going towards the
front of the company they were escorting someone who they said was the
perpetrator then the rest of the population that were in the yard Came in under

⑨

the same conditions we were brought in under.

On Wed, April 14th 2021, after offering my afternoon Muslim prayer when i returned to my cell from a law library call-out at approximately 1:30 p.m. I started preparing my hygiene products for Ramadan showers and organized my religious items for Ramadan call-out after the showers. When Sgt Mason, C.O. dubrey, and C.O. Reese appeared in front of cell and ordered me to put my hands through the feed-up slot i was handcuffed behind my back and escorted to the front of the company where was pat-frisked before i was escorted to D-Block 7 cell. After being secured in D-Block 7 cell the Sgt and corr. officers left just to returned few minutes later and instructed me to put my hands through the feed-up slot. I was handcuffed again and escorted to the clinic first floor where was strip-frisked for SHU admission and medically examined by RN angela N. and then photos were taken. i was then escorted to the SHU holding cell. SHU staff conducted SHU clothens exchange, i was BOSS chained en escorted to SHU 13 cell where i was deprived of liberty and property or the next two days.

I was repeatedly told by SHU officers that per DSS Bishop that i was not to come out my cell for nothing. I was denied my SHU admission phone call, showers, and recreations. I had no access to the outside world was denied headphones to listen to music or T.V. news matterfact SHU 13 cell didn't have a wall jack. I was denied the opportunity to inform my family of my whereabouts or conditions. I was deprived basis human rights i was denied cleaning supply to clean my cell. SHU 13 cell was so filthy it looked like it hadn't been cleaned in years i would have much rather slept on the streets for those two days than in SHU 13 cell. Due to its impurity, i couldn't offer acts of worship. I was denied writing supplies which i had to get from my neighbors), the bed linens i was given were dirty and were used by multiple people without being launder. The order of DSS Bishop and actions of the SHU officers made Ramadan extremely difficult there was not a minute that went by that i was not in distress, depress, angry, sad, or upset. The combination of these emotions and hunger constantly made me have suicidal thoughts.

On Thursday, April 15th 2021, At sometime in the morning i was interviewed by NYSP BCI. They read me my miranda rights and asked me questions in respect to an officer being assaulted. I asked them is not the reason am i allegedly in the SHU they responded 'Yes'. I informed them step by step of every activity i engaged in during the recreation period (6-9 pm) in the north yard on the 12th of April. After the interview i was escorted back to my cell. Actually am not sure which event took place first but i was also served a fabricated misbehavior report by C.O. Labrena which was reported by Sgt B. Mason and endorsed by C.O. Reese and C.O. Dubrey accusing me of rule violation(s) 106.10 Refusing a direct order and 109.12 Movement Regulation violation. No disciplinary hearing was held pertaining to this fabricated misbehavior report after i filed a rebuttal complaint with the grievance office at Clinton Corr. Fac. which the IGRC office attempted to sweep under the rug by not processing).

On Friday, April 16th 2021, evening DSS Bishop and the executive team members stopped in front of my cell (SHU 13) and laught at me before they walked off. This was degrading it made me feel like an animal at a zoo. Awhile after this humiliating experience at approximately 6:30 pm i was told to get dress by a sgt and a few SHU officers. Then i was handcuffed, chained, and shackled before i was escorted to the SHU holding pen where i was strip-frisked and processed for a direct transfer. i informed the great meadow sgt (John Doe #1) while in the SHU holding pen that i was fasting and to insure that i recieve a Ramadan feed-up tray when i arrive at great meadow because i hadn't eaten all day John Doe #1 ignored me. I was handed a pair of used boots that i refused to wear because they belonged to someone else John Doe #1 stated 'this is when you start doing what you're told'. I responded 'am not wearing someone else boots'. John Doe #1 turned off his bodycam and entered the SHU holding pen followed by three great meadow officers (who travelled with me along with the sgt.). I warned John Doe #1 'if he even think about laying a finger on me i will take him to the highest court in the land and by the time am done with him he'll be poor as a church mouse'. He instead ordered the officers to tighten the shackles stating 'he can slip them because he doesn't

⑪

ave boots on'. If you ever wore shackles you know this is a lie its impossible to slip shackles. He wanted to torture me and watch me suffer which is exactly what happened. Before the shackles were tightened the handcuffs were tightened and the waistchains were tightened to the extend that they threatened to encave my ribcage this tortuous abuse made it difficult to breathe. Be mindful, i have asthma when we got to the van another waistchain was used to connect the waistchain around my waist to the shackles. This second waistchain was tighten to the point it was impossible to sit-up the entire trip i was pretty much bent over i informed John Doe #1 this is unsafe and theres no way i can protect myself during this ride. He ignored me and the two officers who were in the back of the van with me also ignored me. We left Clinton Corr. Fac. at 7pm sharp and arrived at Great Meadow Corr. Fac. at 9:19pm the officer who drove drove fast which made me uncomfortable, nervous, unsafe, and frighten me the entire trip (it was raining also). The second waistchain was removed infront of the facility before i existed the van and entered the facility through the front entrance. The officer who removed the waistchain threaten me 'am going to remove this chain but if you kick me you're going to eat this concrete' i ignored his threats.

When we arrived at the front gate i informed John Doe#1 again that am Muslim and am participating in Ramadan i haven't eaten all day' he responded you're not eating. The waistchain, handcuffs, and shackles were removed and i was handcuffed behind my back then i was escorted to the rotunda where we made a right and cut through the keeplock recreation holding pens on our way to F-Block. In F-Block, i was taken to the strip-frisk area where i was interviewed by medical and MH. I informed both nurses that am Muslim and am participating in Ramadan i didn't eat all day they each responded that's a security issue talk to security. After these interviews i was interviewed by a short sgt. who was pretending to be a tough guy by talking extra loud and aggressive like he was trying to prove a point. When this interview/interrogation concluded i informed this sgt. of my Ramadan feed-up tray he also ignored me. I was escorted to F-1-24 cell after being secured the officers including both sgts (John Doe#1 included) left. I didn't receive a Ramadan feed-up tray or a Sahor (breakfast) bag i was force to fast on an empty stomach

(12)

ne next day. I damn near starved to death it felt like i was on the verge
i famine. This was the circumstances John Doe#1 created for me to
ractice Ramadan in a torturous and abusive condition.

On April 18th-21, i was written up for a false misbehavior report
accusing me of violating 106.10 Direct order and 112.21 count procedure
violation of the inmate rule book reported by C.O. P. Bien-Aime which
was dismiss without a disciplinary hearing. Again i filed a counter
complaint expressing concerns pertaining to the retaliations great meadow
officers were inflicting upon me. C.O. P. Bien-Aime fabricated this
misbehavior report in retaliation. IGRC supervisor Mead did not
access this complaint which i appealed to the superintendent and
CORC they too did not address my grievance.

On April 20th-2021, not long after 8AM i was served a misbehavior
report accusing me of assaulting c.o. Mesunas on April 12th 2021. The
misbehavior report which charged 100.11 Assault on staff; 104.11 violent
conduct; 100.15 Disorderly conduct; 104.13 creating a Disturbance; and
17.10 Interference with employee of the rule book was dated April 16th 2021
and reported by sgt king. Just before noon two officers began screwing
a ass (cell shield) onto my cell door i asked what are they doing? One of
e officers responded we were ordered by sgt k. santo. Almost about an
our later i recieved a cell shield order, modified feeding procedure request
orm (phase one), and a restraint order. Each recommendation were
made by sgt k. santo a cell shield was ordered for the following reason(s):
n 04/19/21 inmate made threats to staff of serious physical injury to a
staff member on 04/12/21 as a result of this cell shield, you will not be eligible
receive a tablet or weekly phone call. Once you show positive behavior the
order will be revoked. A change in my feeding procedure was requested for the
following reason(s): On 04/20/21, inmate CISSE caused serious physical injury
staff and continues to make threats of assaulting staff. A cell shield was
already in place and i am requesting the inmate be placed on this procedure to
keep staff safe when delivering or collecting feed-up trays to and from this
inmate. And a restraint order was put in place for the following reason(s): This
inmate was a direct transfer from clinton c.f. to Great Meadow c.f. because

he inmate violently assaulted security staff at Clinton C.F. causing serious physical injury to staff while out to recreation.

As a result of these false and fabricated orders i was deprived of my new admission phone call to inform my family and friends of my transfer or of my conditions. I was deprived of my weekly phone calls for a month (the entire holy month of Ramadan) i wasn't even allowed to contact my family or friends on Eid-al-Fitr (the Islamic holiday that marks the end of Ramadan) not only was this devastating to me as a Muslim it created unnecessary hardship and distress on my family and friends who frcatly contacted the facility and central office in Albany about my well-bieng. I was sad, depress, distress, upset, and degraded when i should'of been happy during the month of Ramadan and on Eid-al-Fitr. The unnecessary hardship i endured no human being should endure under any circumstance this was retaliation, discrimination, abuse, torture, harassment, negligence, and the department did not stop there.

The modified feeding procedure (phase one) was the first order to be revoked about two weeks after it was ordered. This order was revoked only because the SHU officers did not want to enforce this order everytime i was fed and the sgts. did not want to be bother with this order because they had to be present when enforced. And the SHU sgts. had stopped renewing this order matterfact the initial notice was the only notice i received. The second order to be revoked was the cell shield order after four weeks and three renewals this order was discontinued. The cell shield order had the most impact and interferred with my religion. It was difficult and uncomfortable to offer acts of worship. it was extremely hot, there were no air circulation, even the walls were sweating everything was often moist and humid. Before the discontinuance of this order sgts. Darnell Moore, Christopher Lagree, and Kevin Santo each respectively renewed this order without justification or logical cause except to uphold their institutional loyalty and to abuse their authority. These sgts. used those orders as weapons of punishment to deprive me of liberty, and property, and potentially of life. They knew by inflicting these unwarranted abusive and tortuous orders they could lead to suicide specially with my severe mental illness (OMH level 1s). There were times and days i wanted to just kill myself to put an end to the abuse. On

(14)

5/17/21, Sgt. K. Santo felt satisfied and content with his actions so he recommended the removal of the cell shield. On his recommendation he lied and stated he interviewed me which is false me and Sgt. k. Santo did not speak, interact, let alone an interview on 5/17/21. I spoke to Sgt k. Santo on two separate occasions the first was on 4/20/21 when he recommended the orders to be put in place and much later in regards to my property. The acting DSS/Captain Colin Frazer and superintendent christopher Miller are liable also because they each signed off on these orders without verifying the authenticity or further investigations for the reason(s) for the orders and they too had the intention to retaliate against me as stated by the captain/A/DSS 'The safety and security of staff is of utmost importance your returns warrant this order to protect staff from your assaultive nature'. He also approved restraints in the exercise area even though i was already locked in a 6 by 10 cage. The restraint order was the last order to be revoked almost 3 months after it was ordered. This order was not reviewed or renewed it was just enforced until it was revoked.

On May 12th 21, i was escorted to the property room where i was informed that only 4 bags out of 11 bags were sent and that the remaining bags will be shipped at my expense. Later that evening i filled out the necessary documents to have my property shipped to me. This came nearly a month without my property and the first 4 bags that were sent contained mostly items that are not allowed in a SHU cell. The property officer at Clinton corr. fac. or whoever sent the first 4 bags knew these bags contained items that were not allowed in SHU cell and according to directive they knew that its permissible for a prisoner to transfer with 4 bags of property and 1 bag of legal material but they ignored DOCCS policy in order to inflict unnecessary hardship on me.

On the 14th of may, 2021, i wrote the acting deputy superintendent for program Jamie Lovett the first of many letters pertaining to my international phone calls after she suggested i write her about this matter during her weekly round earlier in the week. I also wrote her on June 5th, and July 1st 2021 letters she never responded to. For 3 months

(15)

'April 16th - July 8th, 2021) she told me lies after lies about my international phone calls. Her and ORC Bryan conspired to deprive me the opportunity to contact my family abroad in Africa, France, and Germany. ORC Bryan also told me lies after lies and consistantly fed me false information. Both individuals made excuses and delayed my phone calls until i was moved to a different location (BHU) within the facility. They both knew i was entitled to an international phone call (2 per m.) but purposedly discriminated against me and abuse their authority which caused me emotional anguish, Saddness, distress, and made me depressed. Jamie Avett and ORC Bryan both had access to my file and knew that outside of my mother, younger brother, and uncle (who fled to Africa at that time) the rest of my family was based in Africa (ivory Coast) and Europe (France, Germany, UK, and Italy) but they discriminated against me and conspired to deprive me the opportunity to contact my family during Ramadan, on Eid-al-Fitr, and well beyond in retaliation of what i was accused of. They treated me different ~~boast~~ than other prisoners in the SHU by failing to accommandate what am entitled to and depriving me of my rights.

On the 13th of June - 2021, i was again escorted to the property room this time to retrieve the remainder of my property the 7 bags had arrived. The next day i received a pinkslip from a disbursement form in the mail indicating that i was charged $ 290.05 for the shipment of my property. According to this pinkslip i was charged $ 262.05 for my property and $ 28.00 for boxes my property did not come in. This came after i was repeatedly inform by DOCCS personnels that O.S.I. and MYSP-BCI had my property respectively. To this day i have yet to receive any receipt or documents indicating that my property went through the postal service. I have FOIL requested any receipt or documents relating to my property after not receiving a response from the facility i appealed to the FOIL office in the central office and i'm currently awaiting their response. I also filed an inmate claim (# 040-0082-21) which led to a claim in front of the NYS Court of Claims and has yet to be assign.

On 24 June 2021, i was served a fabricated misbehavior report accusing me

+ 101.20 lewd conduct reported by E. Rizzo dated 23 June 2021. This fabricated misbehavior report was dismissed after i requested the audio and video and called E. Rizzo as a witness at my initial hearing. This was another failed retaliation attempt and mischaracterization. Lewd conduct is a degraded act and a sin for practicing Muslim. This accusation caused me saddness, depression, distress, and emotional anguish.

On 5 July 2021, i was served another fabricated misbehavior report alleging violated 104.13 create a disturbance, 107.11 Harassment, and 107.20 false information of the rule book reported by K. Fredricks. This false misbehavior report was also dismiss. C.O. Fredricks claim that i provided false information based on a conversation i had with an OMH nurse due to clinician-patient confidentiality what i discuss with an OMH nurse is confidential therefor C.O. K. Fredricks violated my HIPAA rights. C.Os Fredricks and E. Rizzo conspired against me for what i was accused (the assault of C.O. Mesunas) and in an effort to prevent me from making the SHU PIMB level 3 and as a result of their retaliation i lost my SHU PIMB level 2 and the privileges that came with it thereby inflicting unnecessary hardships and emotional setbacks. K. Fredricks worked on 23 June 2021 the day E. Rizzo fabricated misbehavior report was dated, the day they begin to enforce their conspiracy.

On the 8th of July 2021, after nearly 3 months (87 days) from April 12th, July 8th, 2021, in the SHU i was transferred within the facility to BHU a unit that is OMH accommodating due to my diagnosis of mental health status level 1s. The joint venture of DOCCS and OMH known as JCMC or JMCC at GMCF intentionally retaliated against me by having me in the SHU for nearly 3 months. This committee that consist of the executive team of DOCCS (included but not limited to Christopher Miller, Joseph Corey, Randy Gross, Armand Caringi, Colin Blazer, Jamie Lovett, Melissa Collins) and the unit chief of OMH (Danielle Dill-Lewis) and other OMH personnels had full knowledge of my mental health status of level 1s and my diagnosises but discriminated against me by not moving me to a unit which is OMH accommodating within the timeframe required by the provisions in the Mental Hygiene law and SHU exclusion law. Prior to or within this timespan, every incarcerated individual that were diagnosed as OMH level 1s (one s) or were eventually

⑰

iagnosed as OMH level 1s that were admitted to the SHU were immediately moved
> an OMH accommodating setting for pre-hearing confinement but not in my
se i was left to rot in the BHU.

Shortly after i was moved to BHU i spoke to deputy supt For Mental Health
ollins during program at my request. She promised me a full time cut and a
commandation to central office to house me at a facility close to home if i stayed
it of trouble but on Aug 27th-2021 she pull me out for a callout because
ne wanted me to sign off on the grievance complaint pertaining to the joint
inture of DOCCS and OMH known as SCMC or JMCC retaliatory and
iscriminatory actions against me. I did not signed off this complaint because
ne failed to present logical resolutions instead she lied and attempted to mislead
ie. As a result of her failed attempt to resolve the complaint she further
taliated against me out of spite by not keeping her promise and the BHU
Time cut Committee (dep. Collins heads) held a discretionary review during
hich i was not approved for a time cut because '1 Continously
nallenges security direction and DOCCS conduct of behavior guidelines'.
ot only does the latter shows the retaliation and discrimination i
nduced but its a clear mischaracterization because i never challenged
ecurity direction and DOCCS conduct of behavior guidelines during my stay
i BHU and theres no documents that will support the BHU Time cut
ommittee's discretionary review. DOCCS and OMH employees' desperately wanted
ie to misbehave that they actually believed their own preconceived notions.

On July 23rd-2021, i filed a grievance against the Notary Public
Jamie L. Williams) after being upset. I made multiple requests via law library
d facility correspondence i even informed counselors and the executive team on
ounds that i needed notary. In a letter dated 25 April 21, i requested Notary for
 Notice of Intent to file a claim but to no avail the Notary Public never showed
 to Notarize my Notice of Intent. i made similar requests in my correspondences
ted 15 may, 10 June, 30 June, and 15 July 2021, still Jamie L. Williams did
t show up to Notarize my legal documents. The actions of Jamie L. Williams
fringed my constitutional right of access to the courts. This was done intentionally
 retaliation and discrimination in order to deny and discourage me from accessing
e courts. This caused me emotional anguish and distress especially after i informed
mie L. Williams in my letters of the 90 days timeframe to file a Notice of Intent.

⑱

on 27 Aug. 21, i was informed by an ORC that the Notary Public would be coming to notarize my legal documents therefore get them ready but Ms. Jamie L. Williams at GMCF did not show up until September 3rd-2021, to notarize my notice of Intent. (well beyond the 90 days time limit).

On Aug. 25-2021, when i returned to my cell from program my belongings were in a disarray, all my legal documents were missing and my bed sheets were also gone my neighbor who didn't have program that morning told me that c.o. Villano and other officers including sgt velli entered my cell with a trash can. These employees' trashed my cell and confiscated my bed ~~sheets covers~~ linens and all my legal papers without leaving a contraband receipt. Lt. Murphy (who had conducted the rehearing pertaining to the April 12-21 incident) ordered sgt velli to confiscate all documents pertaining to this rehearing from me because he illegally removed me from the rehearing and didn't want me to ~~appeal~~ appeal his determination. Lt. Murphy, sgt velie, and c.o. Villano infringed my abilities to exhaust my administrative remedies without just cause and they denied me my right of access to the courts when they confiscated my legal documents which interfered with my habeas corpus in front of the southern district of New York (Case 1:20-CV-03869-LGS-RWL). My habeas corpus may well be dismissed by now because i no longer possess documents in relation to this case. In the process of carrying out Lt. Murphy's order sgt velie ordered his henchman c.o. Villano who carried the orders out. My bed linens were never returned i slept on a bare mattress for the next 2 plus days until i was transferred to Marcy Corr. Fac. in late/early sept.-oct. and my legal documents were never returned either. I informed dep. Collins, A/supt. Morey, DSS caringi, Capt. Frazer, A/DSP Lovett, DSA Gross, and Lt. Murphy on numerous occasions they each stated they'll look into it but Lt. Murphy just laught at me before walking away.

The IGRC supervisor A. Mead & IGRC sgt. (John Doe #2) denied me access to the courts and attempted to silence me by not processing my grievances when i attempted to exhaust my administrative remedies. Every complaint i filed pertaining to staff malfeasance she did not process she even intentionally held one of my complaints pertaining to Transportation/Ramadan signed and dated may 1st-21 past its time limit and then returned it to me stating that i

⑲

was beyond the 21 day time limit for filing' in response i requested in writing an exception to the twenty-one day filing deadline to the Grievance clerk in accordance with Directive# 4040 but i did not receive a response from the IGRC Supervisor. She has a history of conspiring with the grievance Sgt. (John Doe#2) to not process complaints she didn't Just do this to me she has done it to other prisoners and i'm positive the records would reflect that. I filed a total of 12 complaints during my stay at great meadow C.F. but A. Mead and John Doe# 2 only processed 3 two of which were related to 'self-carry Meads' and 'Bell for SHU' and the third titled 'Not moved to OMH unit' which she did not originally process she only processed this complaint because DSMH Collins felt she could resolve this complaint After i appealed it to the superintendent. The other 9 complaints that were about staff malfeasance and misconduct (which are detailed in this claim) he refused to process and when i appealed them to the superintendent christopher Miller and later Joseph corey) they did not respond nor addressed the complaints and the CORC followed suit by not addressing my complaints.

The Acting commissioner Anthony J. Annucci and Deputy Commissioner of Correctional facilities James O'Gorman were well aware of my history at Great Meadow Corr. Fac. in november 2017, i was accussed of assaulting a staff and officers and as a result of that incident i was admitted to a psych ward (CNYPC). Anthony J. Annucci and James O'Gorman knew that by sending me back to Great Meadow Corr. Fac. i would be at risk and subjected to retaliations. They ignored all the red flags, they ignored the complaints my family and friends made to them on my behalf, and they also ignored my complaint letters, and calls i made to O.S.I. The intended exactly what happened because they knew that Great Meadow has a history of retaliating and oppressing prisoners who returned there and i wasn't the first prisoner to endure such circumstances. They intentionally set me up because of what i was accused of the assault incident on 04/12/21) and they knew that am an OMH level 1s patient and should've ~~supposed onder removal unidentedly that they therapimentant~~ ~~not~~ been admitted to a setting that was OMH accommodating (which would've appened under normal conditions) but they discriminated against me to inflict unnecessary hardship. Although they did not directly participate in the conducts themselves but after learning of the violations through reports and complaints they

⑳

ailed to remedy the wrongs thereby allowing to continue unconstitutional practices that were occuring and was grossly negligent in managing the subordinates who caused the unlawful events and failed to act on information indicating that unconstitutional acts were occuring. I was left in SHU for 3 months in violation of the Mental Hygiene law and SHU exclusion law. The executive team at Great Meadow also set the tone for the retaliations i endured at their facility as stated by the A/DSS 'The safety and security of staff is of utmost importance. Your returns warrant this order to protect staff from your Assaultive Nature' in his authorization or approval for the fabricated orders that were imposed without justification to punish me.

Almost three weeks before being accused of assaulting C.O. Mescunas i recieved two consecutive letters dated March 23rd, March 26th 2021 in response to my application for clemency from the Executive Clemency Bureau indicating that i was under preliminary review for clemency for this reason and a previous assault on staff i believe i was frame for assaulting C.O. Mescunas. Prior to being framed another prisoner was framed for the assault and physical assaulted. In letters to Anthony Annucci and James O'Gorman i expressed concerns about my property, my rights being violated due to retaliation and i requested them to appoint investigators other than those at Clinton C.F. to thoroughly investigate the matter but neither responded to my letters.

Sgt. King authored the misbehavior report. Not only did he embellished the misbehavior report but it was subjective. The identity of the perpetrator in the surveillance video was never establish he was never identify and to put a face to the perpetrator with the poor quality of the surveillance video is reaching under the color of law. The report deprive solely from his viewpoint - a bias viewpoint and was contradicted by the UI report and TO-FROM memorandum. Sgt King testified at my initial superintendent hearing then contradicted himself at the rehearing and the second rehearing. Each time he testifies he gives a different version of testimony. And this inconsistancy has damaged me with repeated sanctions being imposed against me that has kept me confined since April 14th 2021. Sgt. king did not even testify at the Grand Jury procedings.

㉑

he lack of investigative skills training has been manifested repeatedly through reports and his testimonies.

CHO K. Henley conducted my initial superintendent hearing. She violated my substantive and procedural rights throughout the proceeding. The hearing begin on 4-21-21 and was not concluded until 7-1-21 nearly 3 months after confinement. HO K. Henley violated my rights to material witness by denying nearly all of the witnesses i called and confiscated the UI report and TO-FROM memos from me at the hearing after my assistant had provided me with such documents thereby impairing my defense. She was bias and prejudice, lied about policies, and imposed sanctions that were not within departmental guidelines. She imposed 76 days prehearing SHU, 654 days of SHU, 654 days lost of all privileges, 30 days lost of tablet and 12 months recommended lost f Goodtime. On July 20, 2021, this hearing was reviewed and reversed with a rehearing granted to commence within 7 days and complete within 14 days (Tape # 422-21).

Lt. Murphy conducted the rehearing. He also violated my substantive and procedural rights throughout the proceeding. He was bias and prejudice, he consistantly redirected and reworded my questions, and led witnesses in order to get the answers he wanted from them. He totally abandoned his role as the impartial decision maker and removed me from the rehearing for making an objection in order to avoid conducting the entire hearing. He imposed sanctions not within the publish guidelines 124 days prehearing SHU, 606 days SHU, including 606 days lost of all privileges and 12 months recommended lost of goodtime. This rehearing was reviewed and reversed n oct 15, 2021, Rehearing granted to commence within 7 days and complete within 14 days (Tape # 822-21).

C.H.O R. Barbosa conducted the second rehearing. He too violated my rights to a prompt hearing. The hearing begin on 10-20-21 and was not completed until 1-14-21 three months after the rehearing had been granted. He violated my substantive and procedural rights he interfered with my tier assistant and prevented her from retrieving documents on my behalf. He denied material evidence by not calling most of the witnesses i called and deprived me

he opportunity to present the hearing tapes from the previous hearings
s impeach the testimonies of certain witnesses and mitigating evidence.
re lied by stating that those previous hearing tapes were expunged
1a memo by A. Rodriguez, Acting Director of special housing / inmate
isciplinary program when no such memo existed. He imposed sanctions
ot within the publish guidelines 273 days SHU prehearing confinement,
57 days SHU, including 357 days lost of packages, commissary, and
nones. This hearing is pending appeal. C.H.O. R. Barbosa admitted
n record that he could not identify the perpetrator in the surveillance
deo alleged to be (Tape # 21-1387).

   Assistant District Attorney Vivian Joo is liable for malicious
osecution for the initiation of a prosecution against the plaintiff without
obable cause and begun with malice which resulted in a termination
1 the plaintiff's favor. ADA Vivian Joo misinstructed the grand jury
nd presented witnesses Bryan Mason (who gave a false testimony under
ath), Erik C. Mesunas (who testified on hearsay under oath), Aron J.
itterson (who gave a false testimony under oath), Lt. Martin snow and
vestigator Robert Besaw (both of whom gave subjective testimonies under
ath) which prejudice me. This indictment was solely motivated by malice
d was not supported by evidence. ADA Vivian Joo had full knowledge
at the event sgt Bryan Mason testified to the misbehavior report in relation
that event was dismissed without a hearing and had access to the audio
video facing D-1-7 cell which is solid proof that i did not make the
atements sgt Bryan Mason alleged. Sgt Bryan Mason intended to
flict unnecessary hardship by fabricating a misbehavior report and due
the fact that that did not work he took it a step further to prejudice
e by testifying to those false statements under oath at the Grand Jury
ceedings. ADA Vivian Joo had full knowledge that the Information Erik
Mesunas was in possession of was based on hearsay but she allowed him
testify to those information anyway. In a memo from RN Lisa P.
ccormick to RN Tanie Harrigan, Dep. of Health services dated 4/28/2021,
re (RN McCormick) indicated she met the emergency, who was known to
r as a C.O. Mesunas in the ER. As she recall C.O. Mesunas was
eaking to them throughout his entire time in the ER, he was alert to

(23)

erson, but had no idea what had happened. And at sometimes later, on the night of the indicint according to another hand written medical report it states Erik Mesunas 'doesn't recall being punched' and "Doesn't recall coming in or event prior to being punched". C.O. Mesunas gave a written testimony at my initial hearing, live testimony at my rehearing, and testified at length in front of the grand jury but for some odd reason declined to testify at my second rehearing due to lack of memory but DA Vivian Joo allowed him to testify to hearsay under oath. ADA Vivian Joo had full knowledge that C.O. Aron J. Patterson withheld information during his testimony at the grand jury proceding because in a memo dated 4/12/21 To the Captain's Office From Sgt J. Jarvis. Sgt J. Jarvis stated that 'Officer Patterson reported that he had observed Officer Mesunas collapse to the ground and observed the inmate that was identified as Ucbee, flee the incident area attempting to blend into the group of inmates. Officer Patterson described the inmate as having dreadlocks, state green clothing, and what appeared to be white long johns showing around his lower torso which was confirmed via video footage'. Officer Patterson also withheld this information at my initial hearing, at my rehearing and was denied the opportunity to testify at my second rehearing. ADA Vivian Joo allowed Officer Patterson to withheld this information because the description of the inmate having dreadlocks is not my description and was information favorable to me. ADA Vivian Joo had full knowledge that Lt. Martin Snow's testimony was subjective and could potentially prejudice me and was otherwise false. Lt. Martin Snow did not testify at my initial hearing but testified at my rehearing that although he was present he did not identify me as alleged in the U.I report. He backtracked that statement at my second rehearing stating he did in fact identify me contradicting Sgt King and impairing his credibility. ADA Vivian Joo also had full knowledge that Investigator Robert Besaw's testimony was subjective because i was never identify from the poor quality surveillance video. Investigator Robert Besaw's testimony prejudice me along with the testimonies of Sgt Bryan Mason, C.O. Erik C. Mesunas, Aron J. Patterson, and Lt. Martin Snow. These individuals are as liable as ADA Vivian Joo for launching this maliciously motivated prosecution.

In relation to this malice driven prosecution, Deputy supt. for security Reginald Bishop and inmate Records coordinator 1 Hilary Deans wrongfully disclosed sensitive information and personnel records o ADA Vivian Joo. In memorandum dated July 1st 2021, address o ADA Vivian Joo, Reginald Bishop and Hilary Deans disclosed ny OMH level and reversed and expunged determinations. On April 4, 2021, i was accused of violating prison rules refusing a direct order and Movement regulation violation this misbehavior report was dismissed ithout a hearing. On 12/10/19, i was accused of assaulting an inmate this harge was dismissed at the hearing. On 9/02/19, i was accused of ssaulting an inmate this charge was dismissed at my hearing. On >/17/19, i was accused of assaulting an officer this was reversed and xpunged on Article 78. On 11/20/16, i was accused of assaulting an nmate this was dismissed without a hearing. On 8/22/15, i was accused f possessing contraband (weapon) this was reversed on Appeal. These nformations were disclose for prosecution in violation of my rights ecause they were not supposed to be on my institutional record and ny rights protected by HIPAA were also impaired due to the disclosure f my OMH (Office of Mental Health) level.

During my stay in the OMH accommodating setting program BHU RC Terilee Stoddard and ORC Nicholas Tripodi only provide me with one ternational call in nearly 3 months in retaliation when they knew i was ntitled to 2 international calls per month. Impairing my rights and inflicting nnecessary hardship they ignored complaints from my family and friends and ift up the conspiracy patterns of Jamie Lovett and ORC Bryan in retaliation nd abuse of their authority. There were no reasons for the deprivation of my ternational calls. Melissa Collins also ignored my verbal complaints because repeatedly informed her on her rounds that i was being deprived of my ternational calls to contact my family abroad she failed to take the necessary ctions to insure that i got my international calls. The IGRC supervisor A. Mead nd IGRC Gst (John Doe #2) did not process my complaint in regards to matter ereby impairing my rights. A/Superintedent Joseph Corey did not respond to y appeal and CORC also did not respond to my appeal.

25

On 7/8/21, i was admitted to BHU at Great Meadow Corr. Fac. my property was processed on 7/10/21 by correction officer B.B. Tanton. I observed C.O. B.B. Tanton seal my property bags (6 bags in total) each bag had a seal number (2284755, 2284756, 2284757, 2284758, 2284759, and 2284760) and were placed in storage excluding the items and legal material i was allowed to store in my cell. On Monday, oct 27, 2021, my cell property was processed for draft (transfer) by C.O. Anthony Kubaryk in front of my cell location (BH-B-5) which amounted to 2 bags of property one of which had the seal number 2284793 and the other the so was either 2284792 or 2284794 totalling my over all property to 8 bags. C.O. Anthony Kubaryk motivated by evil motive or intent and recklessness went out 3 bags of my property (2284757, 2284760, and 2284792 or 284794) in retaliation of the assault on C.O. Mesunas. I was unaware of C.O. Anthony Kubaryk actions until oct. 4, 2021 when my property was processed at Marcy Corr. Fac. when i was informed that only 5 bags property (2284793, 2284755, 2284756, 2284758, and 2284759) was delivered. The tags on the bags indicated that only 5 bags left Great Meadow Corr. Fac. and C.O. Anthony Kubaryk is the one who sealed and tagged my property bags. I filed a facility Claim at Marcy Corr. Fac. (# 490-0060-21) which is pending the superintendent's response.

The DOCCS employees' at Clinton Corr. Fac. and Great Meadow Corr. Fac. conspired to inflict an "atypical and significant" hardship upon i due to the allegations made against me. But Great Meadow is where the retaliation, descrimination, abuse, torture, distress, emotional anguish, sadness, and depression hit its all time peak. Every where i was escorted correction officials would gather to talk about the incident and would point fingers at me and when the opportunities presented themselves they would retaliate and inflict unnecessary hardships upon me. They harassed my visitors and stoled funds out of the monies they left me i raised this issue in a grievance complaint (GM-0690-21) but that portion of the complaint was not addressed nor was i reimbursed the stolen funds. Their actions led to meltdowns and emotional phone calls to my loved ones and they caused me to relapse after being sober for 5 years since June 3rd-2016 (a personal achievement i championed myself for). i turned to marijuana and synthetic marijuana and

㉖

obacco to cope with the circumstances i was subjected and every defendant named in this claim is liable for their actions. One event i'll never forget is hen i informed DSS Armand caring of some of the retaliations i was enduring hile he was escorting a C.A.N.Y. personnel through the SHU he responded " that did you expect?" in regards to the retaliations. Some of the items that ere lost due to C.O. Anthony kubacyk's negligence holds sentimental alues to me like original pictures of my deceased father at my grand father's ravesite or a large noble Qur'an that was gifted to me etc. these items ould never be duplicated and no matter the outcome of this claim 'll never get them back. The retaliations became "atypical and significant" ecause it was consistant and lasted a lengthy period of time.

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES.

On April 19th-2021, i filed a grievance complaint in regards to ransportation/Ramadan but i did not receive an acknowledgement or grievance # indicating that my complaint was being processed.

On April 21st-2021, i filed a grievance complaint in regards to e fabricated and falsified 'cell shield order', 'Modified feeding procedure quest foom (phase one)', and 'Restraint order against sgt k. santo ho recommended these orders but i did not receive an acknowledge-ent or a grievance # indicating that my complaint was being processed.

On April 20th-21, i filed a grievance complaint in regards to a -written misbehavior report with blanks that were filled in. I did t receive an acknowledgement or a grievance # indicating my complaint as being processed.

On June 24th-2021, i filed a complaint in regards to a fabricated isbehavior report alleging that i exposed myself to a female C.O. i never n or met. I did not receive an acknowledgement or a grievance # licating my complaint was being processed.

On July 1st-2021, i filed a complaint in regards to the acting dep.

it program and ORC Bryan depriving me of my international phone calls. I did not receive an acknowledgement or a grievance # indicating my complaint was being processed.

On July 10th 2021, i filed a complaint in regards to a fabricated misbehavior report. I did not receive an acknowledgement or a grievance indicating my complaint was being processed.

On July 23rd 2021, i filed another complaint in regards to the Notary Public not being available to notarize my Notice of Intent to file a claim. I did not receive an acknowledgement or a grievance # indicating my complaint was being processed.

On Aug. 27th 2021, i filed a complaint in regards to my cell being search and my legal documents and bed linens being confiscated without a contraband receipt being left. I did not receive an acknowledgement or grievance # indicating my complaint was being processed.

On May 28th 2021, i filed a complaint in regards to my property. I did not receive an acknowledgement or a grievance # indicating my complaint was being processed.

On Aug. 31st-21, i filed a complaint against the IGRC supervisor Mead and the IGRC sgt for not processing my grievances. I did not receive an acknowledgement or a grievance # indicating my complaint was being processed.

On July 10th 2021, i filed another complaint that was assigned a grievance # GM-0690-21 entitled "housed in SHU Despite Mental Health Status" was my only complaint that was processed and is currently pending CORC decision(in regards to malfeasance and misconduct).

The disciplinary system and facility claim procedures does qualify as forms of exhaustion of Administrative remedies.

28

# 7. RELIEF SOUGHT.

Claimant respectfully requests Judgment against defendant Acting Commissioner Anthony J. Annucci and James O'Gorman in the sum of $ 750,000 each for times spent in SHU, subjecting me to retaliation by sending me to Great Meadow C.F., failing to appoint independent investigators, and after arining of the violations through reports and complaints they failed to remedy the wrongs thereby allowing to continue unconstitutional practices that were occuring, and was grossly negligent in managing the subordinates who caused the unlawful events and failure to act on information indicating that unconstitutional acts were occuring. And claimant further requests that defendants Annucci and O'Gorman resign.

Claimant respectfully requests Judgment against defendant DSS Reginald Bishop in the sum of $ 750,000 for given orders that deprived me of liberty, property and that could've potentially deprived me of life and that conflicted with the practice of my religion. And for the wrongful disclosure of sensitive information and expunged personnel record to ADA Vivian Joo for prosecution. So Claimant further requests that defendant Bishop resign.

Claimant respectfully requests Judgment against Inmate records coordinator Hillary Deans in the sum of $ 75,000 for the wrongful disclosure of sensitive information and expunged personnel record to ADA Vivian Joo for prosecution. And Claimant further requests that defendant Deans resign.

Claimant respectfully requests Judgment against defendant Christopher Miller in the sum of $ 340,000 for approving the cell shield order, modified feeding procedure (phase one) order, and restraint order in retaliation, and as a member of the executive team after learning of the violations through reports and complaints he failed to remedy the wrongs thereby allowing to continue unconstitutional practices that were occuring and was grossly negligent in managing the subordinates who caused the unlawful events and failure to act on information indicating that unconstitutional acts were occuring.

Claimant respectfully requests Judgment against defendant Joseph Corey

㉙

n the sum of $ 340,000 as a member of the executive team after learning f the violations through reports and complaints he failed to remedy the wrongs thereby allowing to continue unconstitutional practices that were occuring and was grossly negligent in managing the subordinates who caused the unlawful events and failure to act on information indicating that nconstitutional acts were occuring. And Claimant further requests that efendant Joseph Corey resign.

Claimant respectfully requests Judgment against defendant(s) Randy moss, Armand Caringi and colin Frazer in the sum of $ 340,000 each as embers of the executive team after learning of the violations through ports and complaints they failed to remedy the wrongs thereby allowing to ntinue unconstitutional practices that were occuring and was grossly egligent in managing the subordinates who caused the unlawful events nd failure to act on information indicating that unconstitutional acts ere occuring. And Claimant further requests that defendant(s) Randy moss, Armand Caringi and colin Frazer resign.

Claimant respectfully requests Judgment against defendant Melissa Collins the sum of $ 340,000 as a member of the executive team and DSMH fter learning of the violations through reports and complaints she failed to medy the wrongs thereby allowing to continue unconstitutional practices that re occuring and was grossly negligent in managing the subordinates who used the unlawful events and failure to act on information indicating that nconstitutional acts were occuring. And Claimant further requests that efendant Melissa Collins resign.

Claimant respectfully requests Judgment against defendant Danielle ill-Lewis in the sum of $ 340,000 as OMH unit chief and a member of MC or JMCC after learning of the violations through reports and complaints e failed to remedy the wrongs thereby allowing to continue unconstitutional ctices that were occuring and was grossly negligent in managing the bordinates who caused the unlawful events and failure to act on information dicating that unconstitutional acts were occuring. And Claimant further requests t defendant Danielle Dill-Lewis resign.

㉚

Claimant respectfully requests Judgment against defendant(s) Jamie Lovett and ORC Bryan in the sum of 75,000 each for conspiring to deprive me of my international phone call in retaliation and discriminating against me. Jamie Lovett, a member of the executive team after learning of the violations through reports and complaints she failed to remedy the wrongs thereby allowing to continue unconstitutional practices that were occuring and was grossly negligent in managing the subordinates who caused the unlawful events and failure to acts on information indicating that unconstitutional acts were occuring. And claimant further requests that defendant(s) Jamie Lovett and ORC Bryan resign.

Claimant respectfully requests Judgment against defendant Lt Martin Snow in the sum of $ 400,000 for giving subjective testimonies at the Grand Jury proceedings and superintendent hearings which prejudice me and inflicted an atypical and significant hardship as a result of the sanctions imposed and conspiring to deprive me of Clemency. And claimant further requests that defendant Lt. Martin Snow resign.

Claimant respectfully requests Judgment against defendant Sgt Gregory King in the sum of $ 400,000 for authoring a subjective misbehavior report and giving false subjective testimonies at my superintendent hearing and conspiring to deprive me of Clemency inflicting an atypical and significant hardship as a result of the sanctions imposed. And claimant further requests that defendant Sgt Gregory King resign.

Claimant respectfully requests Judgment against defendant Aron J. Patterson in the sum of $ 400,000 for giving false testimonies and withholding crucial information during his testimonies thereby prejudicing me and conspiring to deprive me of Clemency inflicting an atypical and significant hardship as a result of the sanctions imposed. And claimant further requests that defendant Aron J. Patterson resign.

Claimant respectfully requests Judgment against defendant Erik J. Mesunas in the sum of $ 400,000 for giving false statements to police and false testimonies at the Grand Jury proceedings and superintendent

③

earings and conspiring to deprive me of clemency inflicting an atypical
and significant hardship as a result of the sanctions imposed. And
laimant further requests that defendant Erik C. Mesurias resign.

Claimant respectfully requests Judgment against defendant Sgt.
Bryan Mason in the sum of $400,000 for falsifying a misbehavior
report and testifying at the Grand Jury procedings to the content
of that fabricated misbehavior report and conspiring to deprive me of
clemency. And claimant further requests that defendant Sgt. Bryan
Mason resign.

Claimant respectfully requests Judgment against defendant Sgt. John
Doe#1 In the sum of $500,000 for endangering my health and
impairing my religious rights. And claimant further requests that defendant
Sgt. John Doe#1 resign.

Claimant respectfully requests Judgment against defendant Sgt.
Kevin Santo in the sum of $1,000,000 for fabricating the cell shield
order, modified feeding procedure (phase one) order, and restraint order
and conspiring to inflict an atypical and significant hardship which
interfered with my religious practices. And claimant further requests
that defendant Sgt. Kevin Santo resign.

Claimant respectfully requests Judgment against defendant Sgt.
Darnell Moore in the sum of $380,000 for falsifying the cell shield
order, modified feeding procedure (phase one) order, and restraint order
renewals and conspiring to inflict an atypical and significant hardship
which interfered with my religious practices. And claimant further requests
that defendant Sgt. Darnell Moore.

Claimant respectfully requests Judgment against defendant Sgt. Christopher
Bree in the sum of $380,000 for falsifying the cell shield order, modified
feeding procedure (phase one) order, and restraint order renewals and
conspiring to inflict an atypical and significant hardship which interfered
with my religious practices. And claimant further requests that defendant

(32)

Sgt. Christopher Lagree resign.

Claimant respectfully requests Judgment against defendant keegan Fredricks in the sum of $80,000 for fabricating a misbehavior report against me, violating my rights to clinician-patient confidentiality and conspiring to retaliate against me. And claimant further requests that defendant keegan Fredricks resign.

Claimant respectfully requests Judgment against defendant Erica Rizzo in the sum of $80,000 for fabricating a misbehavior report against me, humiliating me and conspiring to retaliate against me. And claimant further requests that defendant Erica Rizzo resign.

Claimant respectfully requests Judgment against defendant Jamie Williams in the sum of $200,000 for denying me access to the Courts and conspiring to retaliate against me. And claimant further requests that defendant Jamie L. Williams resign.

Claimant respectfully requests Judgment against defendant K. Henley in the sum of $500,000 for violating my rights of due process and imposing harsh sanctions that were not supported by substantial evidence. And claimant further requests that defendant K. Henley resign.

Claimant respectfully requests Judgment against defendant George Murphy in the sum of $850,000 for violating my rights of due process, imposing harsh sanctions that were not supported by substantial evidence, conspiring to interfere with the exhaustion of my administrative remedies, and denying me access to the courts. And claimant further requests that defendant George Murphy resign.

Claimant respectfully requests Judgment against defendant Eric Velie in the sum of $550,000 for retaliating against me, illegally confiscating my legal documents and bed linens, conspiring to interfere with the exhaustion of my administrative remedies, and denying me access to the Courts. And claimant further requests that defendant Eric Velie resign.

Claimant respectfully requests Judgment against defendant Anthony Villano in the sum of $550,000 for retaliating against me, illegally confiscating my legal documents and bed linens, conspiring to interfered with the exhaustion of my administrative remedies, and denying me access to the Courts. And claimant further requests that defendant Anthony Villano resign.

Claimant respectfully requests Judgment against defendant A. Mead in the sum of $1,000,000 for retaliating against me, Conspiring to interfered with the exhaustion of my administrative remedies, attempting to silence me, and denying me access to the Courts. And Claimant further requests that defendant A. Mead resign.

Claimant respectfully requests Judgment against defendant John Doe #2 in the sum of $1,000,000 for retaliating against me, conspiring to interfered with the exhaustion of my administrative remedies, attempting to silence me, and denying me access to the Courts. And Claimant further requests that defendant John Doe #2.

Claimant respectfully requests Judgment against defendant A. Barbosa in the sum of $500,000 for violating my rights of due process and imposing harsh sanctions that were not supported by substantial evidence. And claimant further requests that defendant A. Barbosa resign.

Claimant respectfully requests Judgment against defendants Terilee Stoddard and Nicholas Tripodi in the sum of $100,000 each for retaliating against me, ignoring complaints from my loved ones, depriving me of my international phone calls. And claimant further requests that defendant(s) Terilee Stoddard and Nicholas Tripodi resign.

Claimant respectfully requests Judgment against defendant Anthony Kubaryk in the sum of $100,000 for retaliating against me and destroying my property and denying me access to the courts. And claimant further requests that defendant Anthony Kubaryk resign.

(34)

Claimant respectfully requests Judgment against defendant Philippe Bien-Aime in the sum of $80,000 for fabricating a misbehavior report against me, and conspiring to retaliate against me. And claimant further requests that defendant Philippe Bien-Aime resign.

Claimant respectfully requests Judgment against defendant Vivian Joo in the sum of $1,422,350 for launching a malicious prosecution. And claimant further requests that defendant Vivian Joo resign.

Claimant respectfully requests ~~Judgment against defendant~~ that the court abolish the use of the cell shield, modified feeding procedures, restraints, pre-hearing confinement and special housing units to prevent them from being misused as tools of punishments. And that Doccs pays the all costs of rehab upon my release. Claimant respectfully requests a Jury trial and appointment of Counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 1st February 2022.



Ali Cissé...